## MORSE *v.* EATON.

If two distinct offences are charged in one count, in a complaint for neglect of military duty, judgment will be arrested.

COMPLAINT, for neglect of military duty. The form of the complaint was as follows :

" To J. E. S., a justice of the peace, &c.   C. O. Morse, of &c., clerk of the sixth company of, &c., commanded by, &c., on oath complains, that J. Eaton, of, &c., being liable to do military duty in said company, and being duly warned to meet with said company, on the parade near, &c., on the nineteenth day of September, A. D. 1849, at one o'clock in the afternoon, armed and equipped according to law, for inspection, and military exercise, and being also warned as aforesaid, to meet with said company at, &c., on the twenty-first day of September, in the year aforesaid, at six o'clock in the afternoon, armed and equipped, as aforesaid, did unnecessarily neglect to appear at said times, and places of parade, on said nineteenth, and twenty-first days of September aforesaid, contrary to the form of the statute, &c., and against the peace, &c., wherefore, &c."

A verdict being found for the plaintiff, the defendant moved in arrest of judgment.

1.   Because the complaint alleges no offence, but is double.

2.   Because the complaint alleges a neglect to appear at several times and places in one count.

3.   Because the complaint alleges no fine or forfeiture to have been incurred.

*Marston*, for the complainant.

*French*, and *Christie*, for the defendant.

BELL, J.   Upon demurrer, the complaint would be clearly bad for duplicity.   *Little* v. *Perkins*, 3 N. H. Rep., 469 ; 1 Ch. Pl., 230 ; *Commonwealth* v. *Eaton*, 15 Pick. Rep., 273 ; *Austin* v. *Parker*, 13 Pick. Rep., 222.

In civil cases, duplicity is bad only on special demurrer, and is cured by pleading over. *Joy* v. *Simpson*, 2 N. H. Rep., 179; *Tarlton* v. *Wells*, 2 N. H. Rep., 308; 1 Ch. Pl., 513. But in criminal cases, if two distinct and separate offences are regularly laid in one count of an indictment, the judgment will be arrested. *The State* v. *Nelson*, 8 N. H. Rep., 163.

This is not a criminal case, strictly speaking, yet it is a case of a prosecution for an offence, a neglect of duty imposed by law, prosecuted by a public officer, in pursuance of a duty imposed upon him by law, and to be punished by the imposition of a fine; and we are of the opinion, that the principle established in the case of *The State* v. *Nelson*, must be applicable in a case of this kind.

*Judgment arrested.*